IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBIN SANDERS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV-10-61 |
| SADISCO SOUTH, ET AL. | ) |
| Defendant. | ) |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on June 11, 2010 and was attended by:

**For Plaintiff Robin Sanders:**

Jeremiah J. Talbott, Esq.
245 East Intendencia Street
Pensacola, FL 32502

**For Defendants the Estate of Charles H. Powers, Sr. d/b/a Sadisco of Mobile (hereafter "Sadisco of Mobile"), Sadisco Corporation, Jane Powers Huggins, individually and as personal representative of the Estate of Charles H. Powers, Rex Huggins, and Sadisco South (hereafter collectively the "Defendants")[1]**

Anne Laurie McClurkin
11 North Water Street, 13th Floor

---

[1] Plaintiff's Amended Complaint improperly names Sadisco Corporation, Jane Powers Huggins, individually and as personal representative of the Estate of Charles H. Powers, Rex Huggins, and Sadisco South as defendants. The only proper defendant in this FLSA action is plaintiff's former employer, the Estate of Charles H. Powers, Sr. d/b/a Sadisco of Mobile.

RSA Battle House Tower
Mobile, Alabama 36602

The parties **DO NOT** request a conference with the Court before entry of the Scheduling Order.

1. **Plaintiff's Narrative Statement:**

The Plaintiff worked for the Defendants for at least three years prior to the date of her complaint. While working for the Defendants, the plaintiff performed duties such as answering the phone, mowing the grass, maintaining equipment, and running errands to the post office. The Plaintiff was "misclassified" as an exempt employee. The Plaintiff was paid on a salary basis and was not paid overtime by Defendant, despite working in excess of forty (40) hours in a work week. Such failure to pay overtime is in violation of the Fair Labor Standards Act (FLSA). Plaintiff is entitled to unpaid overtime, liquidated damages, costs and attorney's fees. In addition, Plaintiff is entitled to overtime because she did not qualify as exempt "professionals" or "administrators" as those terms are defined by the FLSA. The principal factual issues will be whether the Plaintiff was misclassified as an exempt employee, her regular rate of pay, the number of hours worked in a work week, and what experience and education was actually needed to perform Plaintiffs' job.

**Defendants' Narrative Statement:**

Plaintiff alleges that defendants failed to pay her overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). From approximately October 2000 until November 2009, plaintiff was employed by Sadisco of Mobile as a Lot Manager. Plaintiff's primary duties as Lot Manager included, without limitation, title processing, interacting with state and local regulators, acting as Sadisco of Mobile's authorized signatory on operational banking accounts, supervising towing contractors and/or the selection of towing contractors, analyzing the sale value of vehicles, overseeing the auction process, communicating with clients, buyer registration and the collection of fees, overseeing the Mobile facility, and

supervising employees and/or contractors. Plaintiff's duties were directly related to the management and/or general business operations of Sadisco of Mobile and included the exercise of discretion and independent judgment with respect to matters of significance. As such, plaintiff's duties were exempt from the overtime requirements of the FLSA pursuant to 29 USC § 213(a)(1).

Moreover, as discussed, *supra*, at note 1, several of the defendants were not plaintiff's "employers" and cannot be liable for the alleged violations of the FLSA.

In addition to the foregoing affirmative defenses, defendants adopt and re-allege the affirmative defenses set forth in their Answer to plaintiff's Amended Complaint as if set forth fully herein.

2. This **JURY** action should be ready for trial by: **June 2011** and at this time is expected to take approximately 3 days.

3. The parties request a pretrial conference in: **May 2011.**

4. Discovery Plan: The parties propose the following discovery plan:

   A. Discovery will be needed on the following subjects:

Both parties will require discovery on all of the claims asserted in the Amended Complaint as well as defendant's defenses thereto.

   B. All discovery commenced in time to be completed by: **January 28, 2011.**

5. Initial Disclosures: The parties **WILL EXCHANGE** by **July 2, 2010** the information required by Fed. R. Civ. P. 26(a)(1).

6.  The parties should be allowed until **November 5, 2010** to join additional parties and amend the pleadings.

7.  Reports from Retained Experts under Rule 26(a)(2):

   From Plaintiff by **November 3, 2010** and from Defendant by **December 3, 2011**.

8.  Pretrial Disclosures:  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due by:     **30 days prior to trial**.

9.  Discovery Limits.

   **Interrogatories:**

   Plaintiff proposes- limited in accordance with Fed. R. Civ. P. 33

   Defendants propose- maximum of 30 interrogatories by defendants and 30 interrogatories by plaintiff. Responses due 30 days after service.

   **Depositions:**

   The parties jointly propose a maximum of **10** depositions by plaintiff/defendants. Each deposition is limited to a

maximum of **8** hours, except for party depositions, unless extended by agreement of the parties.

### Requests for admission:

Plaintiff proposes- limited in accordance with Fed. R. Civ. P. 36

Defendants propose- maximum of 30 requests for admission by plaintiff and 30 requests for admission by defendants. Responses due 30 days after service.

### Requests for production of documents:

Plaintiff proposes- limited in accordance with Fed. R. Civ. P. 34

Defendants propose- maximum of 30 requests for production of documents by plaintiff and 30 requests for production by defendants. Responses due 30 days after service.

10. All potentially dispositive motions should be filed by: **February 11, 2011.**

11. Settlement: The parties have no position at this time regarding the possibility or likelihood that this dispute can be resolved by mediation, but will re-evaluate the possibility of settlement once initial discovery has been completed.

12.    Other matters:

**Motions in Limine to be filed not later than 21 days prior to trial.**

DATE:    June 21, 2010.

<u>s/ Jeremiah Talbott (by Anne Laurie McClurkin with consent)</u>
JEREMIAH J. TALBOTT
*Fla. Bar No. 0154784*
245 East Intendencia Street
Pensacola, FL 32502
Phone: 850-437-9600
Fax: 850-437-0906

<u>s/ Anne Laurie McClurkin</u>
RUSSEL MYLES  (MYLEP5322)
ANNE LAURIE SMITH (SMITA2262)
McDowell Knight Roedder & Sledge, LLC
Post Office Box 350
Mobile, AL 36601
251-432-5300 (Telephone)
251-432-5303 (Fax)
Email: rmyles@mcdowellknight.com
         amcclurkin@mcdowellknight.com
Attorneys for Defendant the Estate of Charles H. Powers, Sr. d/b/a Sadisco of Mobile